**ORDERED.**

**Dated: November 12, 2026**

Tiffany P. Geyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

2 Monkey Trading, LLC, and
Lucky Shot USA, LLC,

Case No. 6:22-bk-04099-TPG
Chapter 11

Debtors.
_______________________________/

BenShot, LLC,

Plaintiff,

Adversary No. 6:23-ap-00007-TPG

v.

2 Monkey Trading, LLC, and
Lucky Shot USA, LLC,

Defendants.
_______________________________/

**MEMORANDUM OPINION**
**ON DEFENDANTS' MOTION TO DISMISS**

On June 2, 2026, the Court conducted a trial on the "Defendants' Motion to Dismiss Adversary Complaint with Prejudice" (the "Motion to Dismiss") (Doc. No. 5), the Plaintiff's response (Doc. No. 6), and the Defendants' reply to the Plaintiff's response (Doc. No. 12). The Court rendered an oral ruling granting the Motion to Dismiss on September 29, 2026, and advised

the parties that if they desired, the Court would issue a Memorandum Opinion reducing its findings of fact and conclusions of law to writing. (Doc. No. 83.) Plaintiff subsequently made this request (Doc. No. 85), which the Court granted (Doc. No. 87). Plaintiff filed a Notice of Appeal on October 16, 2026. (Doc. No. 89.)

In accordance with Federal Rule of Civil Procedure 52(a)(1), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7052,[1] the Court issues this Memorandum Opinion. If there are any contradictions between the oral ruling and the Memorandum Opinion, the Memorandum Opinion controls.

## I. BACKGROUND AND PROCEDURAL HISTORY

On November 17, 2022, 2 Monkey Trading, LLC, and Lucky Shot USA, LLC (collectively, the "Defendants"), filed Chapter 11 Subchapter V petitions. (Case No. 6:22-bk-04099-TPG, Doc. No. 1; Case No. 6:22-bk-04100-TPG, Doc. No. 1.)[2] Defendants sought bankruptcy protection following litigation in the District Court for the Eastern District of Wisconsin where a judgment for BenShot, LLC (the "Plaintiff") was entered against the Defendants totaling $3,159,976.00 (the "Judgment"). (Case No. 6:22-bk-04099-TPG, Doc. No. 12 ¶ 6.) The Judgment followed a jury trial finding that the Defendants violated the Lanham Act by falsely designating the geographic origin of their bullet glassware products and that the Defendants "act[ed] maliciously toward [the Plaintiff] or in an intentional disregard of [the Plaintiff's] rights[.]" (Doc. No. 3-4 at 1, 2.) The Plaintiff was represented by attorney John Osmanski in the litigation.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.
[2] The bankruptcy cases were jointly administered. (Case No. 6:22-bk-04099-TPG, Doc. No. 30; Case No. 6:22-bk-04100-TPG, Doc. No. 26.)

On November 22, 2023, the Clerk of Court issued a "Notice of Chapter 11 Bankruptcy Case" (the "Notice of Commencement"). (Case No. 6:22-bk-04099-TPG, Doc. No. 13.) The Notice of Commencement set the meeting of creditors for December 12, 2022. (*Id.* at 2.) It also stated the following:

| | | |
|---|---|---|
| 9. | **Exception to discharge deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br>**Deadline for filing the complaint: No later than the first date set for the hearing on confirmation.** |

(*Id.*) The Notice of Commencement thus stated that the deadline for filing a complaint seeking nondischargeability of a debt under § 523(c) was the first date set for hearing on confirmation. (*Id.*) On February 28, 2023, confirmation was first scheduled for May 17, 2023. (Case No. 6:22-bk-04099-TPG, Doc. No. 93.) The Defendants' joint Subchapter V plan was eventually confirmed pursuant to § 1191(b) on June 9, 2023. (Case No. 6:22-bk-04099-TPG, Doc. No. 156.)

Before confirmation was scheduled, Plaintiff filed this adversary proceeding on February 13, 2023. (Doc. No. 1.) Plaintiff's complaint contained one cause of action seeking to hold the Judgment nondischargeable pursuant to § 523(a)(6).[3] (*Id.*) In the complaint, Plaintiff stated, "This Court has fixed February 12, 2023,[1] as the last day to file a Complaint to Determine Dischargeability of Debt Under 11 U.S.C. § 523. This Complaint, therefore, has been timely filed." (*Id.* ¶ 2.) In footnote 1, Plaintiff stated, "February 12, 2023, fell on a Sunday." (*Id.* ¶ 2 n.1.) Plaintiff's complaint was signed by L. William Porter III (*id.* at 17), who filed notices of appearance on behalf of the Plaintiff in the main bankruptcy cases. (Case No. 6:22-bk-04099-TPG, Doc. No. 27; Case No. 6:22-bk-04100-TPG, Doc. No. 24.) Mr. Osmanski, who is not a

---

[3] A debt is nondischargeable pursuant to § 523(a)(6) if it was incurred "for willful and malicious injury by the debtor to another entity or to the property of another entity . . . ." 11 U.S.C. § 523(a)(6).

bankruptcy law practitioner, did not file a notice of appearance in either of the jointly administered cases or in this adversary proceeding.

The next day, Plaintiff filed an amended complaint, changing Paragraph 2 to the following:

> On or about November 22, 2022, the Court issued to creditors and parties-in-interest a Notice of Commencement of Case (Docket No.: 13 in the main case and Docket No.: 15 in Case No. 22-04100) (together, the "Notices of Commencement"). The Notices of Commencement, in part 9, state in part that if "§ 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint…." "Deadline for filing the complaint: No later than the first date set for the hearing on confirmation." In the instant case, no confirmation hearing has been scheduled yet. Accordingly, this Complaint has been timely filed.

(Doc. No. 3 ¶ 2.) Thus, the Plaintiff changed its assertion that the Court fixed February 12, 2023, as the deadline to file the complaint to instead stating that the deadline was the first date set for the hearing on confirmation. (*Compare* Doc. No. 1 ¶ 2, *with* Doc. No. 3 ¶ 2.) No other substantive changes were made to the complaint, and the amended complaint was also signed by Mr. Porter (Doc. No. 3 at 18).

The Defendants filed the Motion to Dismiss, raising two issues. (Doc. No. 5.) First, they argued that the adversary proceeding was untimely, as it was filed after the deadline set forth in Rule 4007(c),[4] noting Plaintiff did not file any motion to extend the deadline. (*Id.* at 3-4.) Second,

---

[4] The version of Rule 4007(c) in effect when the complaint and amended complaint were filed stated the following:

> Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

they argued that § 523(a) does not apply to corporate debtors seeking a discharge under § 1192. (*Id.* at 4-9.)

After surveying the case law existing at the time on this emerging issue, the Court granted the Motion to Dismiss, concluding that "because Defendants are limited liability companies, the exceptions to discharge in § 523(a) do not apply." (Doc. No. 17 at 5.) This ruling was dispositive, and thus the Court did not adjudicate whether the complaint was timely filed. (*Id.*)

Plaintiff appealed, and the Court granted Plaintiff's request to certify the appeal directly to the Eleventh Circuit given that the question of law presented had not been determined by the Eleventh Circuit or the United States Supreme Court (Doc. No. 33). On July 9, 2025, the Eleventh Circuit reversed this Court's decision and "held that in Subchapter V proceedings, neither individual nor corporate debtors can discharge debts listed under § 523(a)." *BenShot, LLC v. 2 Monkey Trading, LLC* (*In re 2 Monkey Trading, LLC)*, 142 F.4th 1323, 1327 (11th Cir. 2025). The Eleventh Circuit denied a Petition for Rehearing En Banc on September 10, 2025 (Case No. 23-12342, Doc. No. 79), and the case returned to this Court on remand for further proceedings.

Because the Eleventh Circuit held that the Plaintiff could state a cause of action against the Defendants for nondischargeability under § 523(a), the issue regarding the timeliness of the

---

Stylistic changes were made to Rule 4007(c), effective December 1, 2024, which now states:

> Except as (d) provides, a complaint to determine whether a debt is dischargeable under § 523(c) must be filed within 60 days after the first date set for the § 341(a) meeting of creditors. The clerk must give all creditors at least 30 days' notice of the time to file in the manner provided by Rule 2002. On a party in interest's motion filed before the time expires, the court may, after notice and a hearing and for cause, extend the time to file.

The amendment did not change the deadline to file a complaint asserting nondischargeability of a debt pursuant to § 523(c).

complaint was resurrected. The Defendants moved for summary judgment, arguing that there was no genuine dispute of material fact that the complaint was filed after the deadline set forth in Rule 4007(c), which directs such complaints to be filed "no later than 60 days after the first date set for the meeting of creditors . . . ." (Doc. No. 51 at 3-6.) Relatedly, Defendants argued that the Court lacked discretion to permit an untimely complaint and that the general excusable neglect standard of Rule 9006(b)(1) did not apply. (*Id.* at 5-6, 12.)

The Defendants also argued that the Plaintiff did not, in fact, rely on the erroneous deadline in the Notice of Commencement. (*Id.* at 6-10.) They asserted that comparison of the change from the complaint to the amended complaint demonstrates that the Plaintiff did not rely on that deadline. (*Id.* at 7-8.) Finally, the Defendants asserted that it was unreasonable "as a matter of law" for the Plaintiff to rely on the deadline in the Notice of Commencement. (*Id.* at 8-10.)

Plaintiff responded, arguing that it was entitled to rely on the deadline in the Notice of Commencement and that it did rely on it (Doc. No. 54), filing a declaration of Mr. Porter in support:

> While I was counsel to BenShot and I intended to file the Complaint by the Rule 4007 date (albeit incorrectly calendared), I relied upon the later date of the "first date set for the hearing on confirmation" set forth in the Clerk's Notice, as I stated at the April 19, 2023, Hearing before this court (see Transcript of April 19, 2023, Hearing (Doc. 30), 7:21-8:13 to wit:
>
> > I do think there are factual questions here. There are two operative dates. There's the 60 days, which I concede was not met. There's the second date in the notice, Notices of Commencement, which was – which is the confirmation date which of course we met. The irony is we thought we were early because of that second date, and it would be relevant I believe for the Court to hear from my counsel in Wisconsin, my co-counsel, at a minimum on the reliance issue, because the entire time we were discussing the 523 in the lead up to the deadline we always assumed that we

> had a second operative date sort of in our back pocket and – and his – there was a specific question from him to me once, why can't we rely on this date? And I said, well, we are relying on that date, but to be safe, ironically, I wanted to get it in early. So I do think there is an issue about whether the Plaintiff through counsel relied on that second operative date to get the Complaint filed.

> Transcript of April 19, 2023, Hearing (Doc. 30), 7:21-8:13. I will testify accordingly at the Trial in this case.

(Doc. No. 55 ¶ 4.) Because Mr. Porter's statement contradicted the inferences drawn from the changes between the complaint and the amended complaint in terms of the applicable filing deadline, the Court denied the motion for summary judgment, finding that there was a genuine issue of material fact regarding whether the Plaintiff reasonably relied on the erroneous deadline in the Notice of Commencement. (Doc. No. 68.)

The parties also disputed whether certain documents listed on the Plaintiff's privilege log must be produced. (Doc. Nos. 59, 62.) The Court ordered production of all correspondence listed on the Plaintiff's privilege log related to this adversary proceeding and created through February 21, 2023. (Doc. No. 69.)

This proceeding then went to trial on whether the Plaintiff reasonably relied on the erroneous deadline in the Notice of Commencement for filing a § 523 claim to except a debt from discharge. Before trial, the parties filed a joint pretrial stipulation setting forth undisputed facts. (Doc. No. 73.) At the trial, the Plaintiff called Mr. Porter and Mr. Osmanski as witnesses. (Doc. No. 80.) The Defendants did not call any witnesses, electing only to cross-examine Mr. Porter and Mr.

Osmanski. (*Id.*) The parties stipulated to the entry of each other's exhibits into evidence.[5]

---

[5] The following exhibits were admitted, some of which are duplicates:

<u>Plaintiff's Exhibits #1-21</u>

1. Official Form 309E2 - Notice of Chapter 11 Case Form
2. Clerk's Notice of Chapter 11 Case 22-bk-04099 11/22/22, BenShot00305
3. Clerk's Notice of Chapter 11 Case 22-bk-04100 11/23/22, BenShot00311
4. Osmanski email to Porter 11/30/22, BenShot00712
5. Porter email to Osmanski 12/14/22, BenShot00796
6. Osmanski email to Wolfgram 12/14/22, BenShot01813
7. Osmanski email to Porter 12/17/22, BenShot01040
8. Osmanski email to Porter 1/03/23, BenShot00442
9. Osmanski email to Porter 1/17/23, BenShot00428
10. Bill Porter Law Invoice 1/17/23, BenShot01140
11. Osmanski email to Porter 2/03/23, BenShot01960
12. Bill Porter Law Invoice 2/8/23, BenShot01144
13. Porter email to Osmanski 2/9/23, BenShot00856
14. Osmanski email to Porter 2/10/23, BenShot02060
15. Porter email to Osmanski 2/10/23, BenShot01731
16. Osmanski email to Porter 2/12/23, BenShot00358
17. Porter email to Osmanski 2/13/23, BenShot01208
18. Osmanski email to Wolfgram 2/13/23, BenShot01753
19. Adversary Complaint 2/13/23
20. Osmanski email to Porter 2/14/23, BenShot01700
21. Amended Adversary Complaint 2/14/23

<u>Defendant's Exhibits #1-17</u>

1. 12.12.22 Email from John Osmanski to BenShot
2. 1.26.23 Email from John Osmanski to BenShot
3. 2.9.23 Email from Bill Porter to John Osmanski
4. 2.10.23 Email from John Osmanski to Bill Porter
5. 2.10.23 Email from Bill Porter to John Osmanski
6. 2.13.23 Email from John Osmanski to Bill Porter
7. 2.13.23 Email from John Osmanski to BenShot
8. 2.14.23 Email from Jonathan Sykes to Bill Porter
9. 2.14.23 Email from Bill Porter to John Osmanski
10. 2.15.23 Email from John Osmanski to Bill Porter
11. 2.16.23 Email from John Osmanski to Bill Porter
12. Voicemail from John Osmanski to Jon Kane
13. Filed Complaint (Doc. 1)
14. Filed Affidavit Declaration of L. William Porter III (Doc. 55)
15. Bill Porter deposition transcript highlighted
16. John Osmanski deposition transcript highlighted
17. Ben Wolfgram deposition transcript highlighted

(Doc. No. 80.)

After the trial, the Court took the matter under advisement. (*Id.*) On September 29, 2026, the Court rendered an oral ruling concluding that Mr. Porter did not rely on the erroneous deadline in the Notice of Commencement and that, therefore, the Defendants' Complaint was untimely, meriting dismissal of this adversary proceeding with prejudice. (Doc. No. 84.)

## II. LEGAL STANDARD

Rule 4007(c) provides that a complaint to determine the dischargeability of a debt under § 523(c) must be filed no later than 60 days after the first date set for the meeting of creditors. This deadline is strictly enforced in the Eleventh Circuit. But here, the Plaintiff asserts that it relied on the erroneous deadline in the Notice of Commencement, which had not expired when the initial and amended complaints were filed.

In response, the Defendants argue that: (1) Eleventh Circuit authority does not permit this Court to extend Rule 4007(c)'s deadline for equitable reasons; (2) the Plaintiff did not rely on the Notice of Commencement, as shown by paragraph 2 in the original complaint; and (3) regardless, any reliance by Plaintiff was unreasonable as a matter of law. The Defendants chiefly rely on Eleventh Circuit authority determining bankruptcy courts cannot extend the deadline to accept an untimely complaint seeking an exception to discharge because of the 60-day edict in Rule 4007(c), even when the creditor did not receive notice of the deadline from the court or the clerk sent notices that did not include a deadline. (Doc. No. 77.)

In *In re Williamson*, 15 F.3d 1037, 1039 (11th Cir. 1994), the Eleventh Circuit affirmed a district court's affirmance of a bankruptcy court decision dismissing a complaint filed 16 days after the deadline as untimely when the creditor had actual notice of the bankruptcy case but the initial Bankruptcy Notice contained an affirmative statement that the filing deadline was "to be set." Among other things, the Eleventh Circuit considered whether the equities justified a determination

that the complaint was timely filed, given the statement in the Bankruptcy Notice. *Id.* at 1040. The Eleventh Circuit cited to a Fifth Circuit decision in which a clerk's office notice "left the space for the deadline to file objections to dischargeability blank and the clerk's office gave subsequent assurances that no deadline had been set." *Id.* at 1039 (citing *Neeley v. Murchison*, 815 F.2d 345 (5th Cir. 1987)). Nevertheless, "[b]ecause the creditor had notice of the bankruptcy proceedings and more than ample opportunity to file his complaint in time," the Fifth Circuit in *Neeley* affirmed the district court's dismissal of the complaint as time barred, rejecting the argument that the clerk's failure to provide notice suspended the running of the 60-day period. *Neeley*, 815 F.2d at 345. In so holding the Fifth Circuit stated it did "not condone the clerk's error or suggest that the notice provision is without force to prevent an obvious injustice to the creditor." *Id.* at 347.

In *Williamson*, the Eleventh Circuit noted it had adopted the reasoning of the Fifth Circuit's *Neeley* decision in *In re Alton*, 837 F.2d 457, 460 (11th Cir. 1988), determining that the deadline in Rule 4007(c) may not be tolled based on equitable considerations and concluded that the creditor acted "unreasonably in waiting for the subsequent notice instead of following the clear requirements of Rule 4007." 15 F.3d at 1039. Further, the Eleventh Circuit concluded that the case equities did "not justify the disregard of the time provisions set forth in the Bankruptcy Code" since: (1) the creditor "could have protected itself by simply filing within the sixty day period set forth in Rule 4007"; (2) the creditor's inaction caused the filing to be late; and (3) any harm to the creditor "could have been avoided by simply following Rule 4007." *Id.* at 1040.

Most recently, in *TL90108 LLC v. Ford*, 147 F.4th 1351, 1361 (11th Cir. 2025), the Eleventh Circuit reaffirmed its decision in *In re Alton*, 837 F.2d 457, 460 (11th Cir. 1988), that the deadline in Rule 4007(c) may not be tolled based on equitable considerations. In *Ford*, the creditor moved for leave to file a § 523(c) complaint excepting a debt from discharge as having been

obtained by fraud. 147 F.4th at 1353. The motion was filed after the Rule 4007(c) deadline expired and thus was untimely. *Id.* at 1355. It was undisputed that the creditor received notice of the bankruptcy case before the 4007(c) deadline expired but did not receive any official notice of the complaint deadline. *Id.* at 1361-62. Because there were no factual disputes, the Eleventh Circuit concluded, as a matter of law, that the creditor received all notice due process requires, even when the creditor argued it had no notice it was a creditor of Ford's by the time of the deadline because Ford concealed the existence of its debt to the creditor. *Id.* "[U]nder *Alton*, [the creditor] was placed on inquiry notice before the Rule 4007(c) deadline when it discovered that Ford had declared bankruptcy." *Id.* at 1362.

Conversely, Plaintiff argues that at least three circuit court cases and one post-*Alton* bankruptcy case issuing in the Middle District of Florida held that when a clerk's notice or other information from the court provides an incorrect date, creditors could reasonably rely on the incorrect dates, and the courts could deem the complaints timely under § 105(a) because the court has the equitable power to correct its mistakes: *Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629, 632 (6th Cir. 1994) (holding that if the bankruptcy court mistakenly sets a second bar date for filing complaints determining dischargeability of a debt and a creditor files a complaint before the expiration of the second bar date in reasonable reliance on that second date, then the bankruptcy court should exercise its equitable powers and allow the complaint to proceed); *Anwiler v. Patchett (In re Anwiler)*, 958 F.2d 925, 929 (9th Cir. 1992), *as amended on denial of reh'g* (Apr. 8, 1992) ("The equitable power given to courts by 11 U.S.C. § 105(a) would be meaningless if courts were unable to correct their own mistakes."); *Themy v. Yu (In re Themy)*, 6 F.3d 688, 690 (10th Cir. 1993) ("Although the provisions of Rules 4004 and 4007 are strictly enforced, courts have almost uniformly allowed an out-of-time filing when the creditor relies upon a bankruptcy court notice

setting an incorrect deadline."); *S. Tr. Bank of Sw. Fla., N.A. v. Darling (In re Darling)*, 172 B.R. 124 (Bankr. M.D. Fla. 1994) (following *Isaacman* and distinguishing *Alton*). (Doc. No. 74.)

In *Darling*, on October 18, 1993, the Debtors filed a Chapter 11 case in the United States Bankruptcy Court for the Eastern District of Pennsylvania. 172 B.R. at 125. On December 2, 1993, the Pennsylvania clerk issued the usual Notice of the Commencement of the Case that included the bar date of February 28, 1994, for filing complaints to determine dischargeability of debts. *Id.* The Notice also set the date for the meeting of creditors as December 29, 1993. *Id.* However, on December 2, 1993, before the scheduled meeting of creditors, the case was transferred to the Middle District of Florida, whereupon the clerk's office issued a new Notice of Commencement on January 10, 1994, informing that the deadline for filing complaints to determine a debt's dischargeability was April 19, 1994. *Id.* A creditor relied on the new bar date and filed its complaint to determine the dischargeability of the debtors' obligations on April 4, 1994, which was before the expiration of the second bar date, but after the expiration of the deadline established by the first date for the meeting of creditors, which was initially set by the Pennsylvania bankruptcy court clerk's office for December 29, 1993. *Id.*

Judge Paskay considered whether to dismiss the complaint, which was undisputedly untimely under the Pennsylvania Notice of Commencement, as time barred. *Id.* But after examining the Sixth Circuit's "strikingly similar" fact pattern in *Isaacman,* in which the Sixth Circuit ruled that an attorney's reliance on clerk's office information was reasonable, Judge Paskay concluded the Court could retain Plaintiff's complaint using its equitable powers. *Id.* at 126. Judge Paskay quoted the Sixth Circuit's conclusion that "[t]o hold otherwise we believe would create an unjust result because parties are entitled to rely on information issued by the bankruptcy courts." *Id.* (quoting *Isaacman*, 26 F.3d at 632). Judge Paskay determined that using the court's equitable

powers in this manner was not contrary to *Alton* insofar as "*Alton* did not involve erroneous information concerning the bar date emanating from the clerk's office, but an attempt by a tardy creditor to obtain an extension of the bar date after the bar date had already expired." *Id.* Rather, *Alton* ruled only that Rule 4007(c) "is unambiguous and clear and any request for extension of the bar date must be made before the expiration of the 60 days fixed by the Rule." *Id.*

Interestingly, *Alton* arose on an appeal of an order entered by Judge Paskay denying a creditor's untimely request for an extension of time to file a dischargeability complaint where the creditor received no notice of the deadline from the bankruptcy court but did receive actual notice of the debtor's chapter 11 case to allow a timely complaint to be filed. *Alton*, 837 F.2d at 457, 458. Judge Paskay's order was affirmed by the district court, and subsequently by the Eleventh Circuit. *Id.* at 458. The Eleventh Circuit was "particularly troubled" by certain "disturbing" aspects of the debtor's case but concluded that the hard facts should not be allowed to make bad law. *Id.* (citing *FCC v. WOKO, Inc.,* 329 U.S. 223, 229, 67 S. Ct. 213, 216, 91 L. Ed. 204 (1946)). Having authored the underlying order affirmed by the Eleventh Circuit in *Alton*, and the decision in *Darling*, Judge Paskay was particularly qualified to speak to the factual distinctions between the two cases.

Thus, according to *Darling* and the circuit authority cited above, Plaintiff argues a bankruptcy court can still use its equitable powers to mitigate the harm caused by the issuance of a notice containing an incorrect or erroneous deadline if the notice was reasonably relied upon by counsel in determining when to file a complaint.[6] And *Neeley* did not "suggest that the notice

[6] Other bankruptcy courts strictly enforce the deadline, refusing to extend it even when the clerks of courts' offices provided incorrect information. *Legal Access Plans, LLC v. Millinghausen (In re Millinghausen)*, 669 B.R. 580, 586-87 (Bankr. E.D. Pa. 2025) (citing *Durham Ritz, Inc. v. Williamson (In re Williamson)*, 15 F.3d 1037, 1039 (11th Cir. 1994); *P.S.T.C. Employees Fed. Cr. Union v. Kearney (In re Kearney)*, 105 B.R. 260, 263 (Bankr. E.D. Pa. 1989); *In re Duncan*, 125 B.R. 247, 252 (Bankr. W.D. Mo. 1991).

provision is without force to prevent an obvious injustice to the creditor." 815 F.2d at 347. Here, on one hand, the Plaintiff had actual notice of the Defendant's bankruptcy case, which is all due process requires for the purposes of timely filing a § 523(a) complaint. *Williamson*, 15 F.3d at 1039. But on the other hand, Plaintiff argued it reasonably relied on the erroneous Notice of Commencement. And Defendant argues that any such reliance by Plaintiff was unreasonable as a matter of law, given Plaintiff's actual notice of the case.

The Court agrees with Judge Paskay's distinction of *Alton* on its facts. The facts in *Ford* are also not the same as those here because *Ford*, like *Alton*, did not concern reliance on an incorrect notice. The facts in the Eleventh Circuit's *Williamson* decision, however, are very similar to those here, and the Eleventh Circuit concluded that the Plaintiff "acted unreasonably in waiting for a subsequent notice instead of following the clear requirements of Rule 4007." 15 F.3d at 1039.

The Eleventh Circuit has stated that reasonable reliance, at least under 11 U.S.C. § 523(a)(2)(B), is a question of fact. *In re Davenport*, 508 F. App'x 937, 939 n.1 (11th Cir. 2013).[7] In *In re Mitchell*, No. BKR. 022720-CH, 2002 WL 34553562, at *2-3 (Bankr. S.D. Iowa Nov. 13, 2002), a subsequent notice sent by the court established a later deadline than an earlier notice and the deadline set forth in Rule 4004(a).[8] The *Mitchell* court held that, to determine whether the motion to extend the deadline to file the complaint was timely, it needed to decide whether the trustee's reliance on the subsequent notice was reasonable. *Id.* at *6-7. Because this was a factual issue, the Iowa bankruptcy court determined that an evidentiary hearing was necessary. *Id.* at *7. This Court agrees with this approach and conducted an evidentiary hearing to assess whether

---

[7] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

[8] Rule 4004(a) establishes the deadline for filing a complaint objecting to the debtor's general discharge.

Plaintiff reasonably relied on the clerk's erroneous deadline. The Court's factual findings on that issue are below.

## III. FINDINGS OF FACT

Plaintiff, a limited liability company, was necessarily represented by counsel in these jointly administered cases and in this adversary proceeding. Although Mr. Osmanski represented Plaintiff in obtaining the Judgment in the Eastern District of Wisconsin, he did not direct the representation of the Plaintiff in this adversary proceeding because he is not a bankruptcy practitioner. Instead, he contacted Mr. Porter about representing the Plaintiff when he learned the Defendants filed for bankruptcy.

Mr. Osmanski testified that he recalled the Notice of Commencement and that it contained a deadline, and the evidence admitted at trial tends to corroborate his testimony. (Doc. No. 76-9 at 1.) But Mr. Osmanski's testimony, correspondence, and the parties' joint factual stipulations demonstrate that it was Mr. Porter leading the Plaintiff's representation in this adversary proceeding. The parties stipulated that Mr. Porter represented the Plaintiff and that the Plaintiff relied on Mr. Porter. (Doc. No. 73 ¶¶ 4, 5.) Mr. Porter was the only attorney to file a notice of appearance for the Plaintiff. As such, the Court considers whether Mr. Porter, who had the "final say" on the complaint, relied on the erroneous deadline in the Notice of Commencement in deciding when to file Plaintiff's complaint. (Doc. No. 75-16 at 1.)

Based upon the evidence admitted at trial, the parties' factual stipulations (Doc. No. 73)[9] and the testimony, the Court finds that Mr. Porter did not rely on the erroneous deadline in the Notice of Commencement to determine when to file the complaint. Although Mr. Porter testified

[9] In addition to the facts set forth in this Memorandum Opinion, the Court adopts the undisputed facts in the joint pretrial stipulation (Doc. No. 73).

that he relied on the deadline in the Notice of Commencement, the evidence admitted at trial demonstrates otherwise as discussed below.

Mr. Porter testified that he has been practicing law since 1997, primarily in bankruptcy and commercial litigation. Before private practice, he worked as an attorney for the United States Trustee's office for a few years. Mr. Porter is familiar with § 523(a) complaints seeking exceptions to discharge and estimated he previously filed between 10 and 15 of such complaints.

After Mr. Porter and Mr. Osmanski discussed whether corporate debtors were subject to § 523(a)—a threshold open issue at the time—Plaintiff decided to move forward in filing the adversary proceeding. Mr. Porter testified that although he reviewed the Notice of Commencement, he was also aware of the Rule 4007(c) deadline and wanted to meet it. Mr. Porter prepared the complaint using a form and added his own calculation of the deadline in paragraph 2.

Mr. Porter had actual knowledge and notice of the main bankruptcy cases and the deadline to file an adversary proceeding under § 523 pursuant to Rule 4007(c). (Doc. No. 73 ¶¶ 3, 4). The Plaintiff relied on Mr. Porter's advice regarding when to file this adversary proceeding. (*Id.* ¶ 5). Mr. Osmanski's role was limited to supplying information to support the complaint, and to relaying communications from the Plaintiff to Mr. Porter. Mr. Porter did not have direct contact with the Plaintiff's principal.

On February 9, 2023, Mr. Porter sent a draft of the complaint to Mr. Osmanski, which Mr. Porter thought was a few days before the complaint was due to be filed. In actuality, Mr. Porter sent the draft just one day before the complaint needed to be filed pursuant to Rule 4007(c). On February 10th, Mr. Osmanski reviewed the draft complaint. Mr. Osmanski edited the complaint but did not make any changes to the substantive bankruptcy law or to the language in the complaint regarding the filing deadline.

Mr. Porter signed and filed the original complaint on Monday, February 13, 2023. (Doc. No. 1.) Paragraph 2 states that the Court set February 12, 2023, as the deadline to file a complaint to determine dischargeability pursuant to § 523. (*Id.* ¶ 2.) Mr. Porter added footnote 1 to paragraph 2, stating that the day before the complaint was filed was Sunday, February 12, 2023. (*Id.* ¶ 2 n.1.) Although Mr. Porter did not cite Rule 9006(a)(1)(C) in the footnote, his inclusion of this footnote confirms his knowledge of this rule, which states that when a period is stated in days (as it is in Rule 4007(c)), the last day of the period is included unless it is a Sunday, in which case the period runs until the end of Monday or the next day that is not a legal holiday. Fed. R. Bankr. P. 9006(a)(1)(C).

But the meeting of creditors was originally scheduled for December 12, 2022, and sixty days from that date was Friday, February 10, 2023, not Sunday, February 12th. Thus, to be filed timely pursuant to Rule 4007(c), the complaint needed to be filed on or before Friday, February 10, 2023. But Mr. Porter mistakenly calendared the deadline as February 12, 2023, and filed the original complaint on February 13, 2023, believing it was timely under Rule 9006(a)(1)(C). (Doc. No. 73 ¶ 6). On February 13, 2023, Mr. Osmanski forwarded the filed complaint to the Plaintiff. (Doc. No. 75-18.)

Defendant's attorney, Jonathan Sykes, reviewed the complaint and believed it was untimely. Defendant's Exhibit 8 is an email from Mr. Sykes to Mr. Porter dated February 14, 2023, sent at 12:02 p.m. Eastern Time. (Doc. No. 76-8 at 1.) In the email, Mr. Sykes explains the correct deadline was February 10th. (*Id.*) Mr. Sykes concludes by asking Mr. Porter to dismiss the adversary proceeding. (*Id.*)

As evidenced in Defendant's Exhibit 9, Mr. Porter emailed Mr. Osmanski a few hours later, at 4:49 p.m. Eastern Time (Doc. No. 76-9 at 2.) His email states in pertinent part:

> John, this is a very difficult email for me to send. After I emailed you earlier today, I got an email from Sykes. Sykes takes the position that

> the 523 complaint is untimely and that the deadline ran on February 10, Friday. *After getting his email and going into a panic, I looked at it every which way possible, and I think he's right. I obviously had it calendared for the 12th and was confident in that, but I calculated incorrectly.* There's no way to sugar coat it and under the applicable Rule, it's a jurisdictional thing, and the complaint cannot proceed. In fact, we should voluntarily dismiss it. *I looked at the annotations in the Rule and some case law, and I cannot find a way around it. Trust me, I looked. Maybe you'll have an idea, but I am really at a loss at the moment.*
>
> At this point, we need to evaluate where we are and how to move forward. If Ben wants to move on to another attorney, I fully understand and will find someone to recommend who can take over. [redacted]
>
> Once you discuss things with Ben (and if you want me on the call let me know), let me know how you want to proceed. Please express my apologies to Ben.

(*Id.* (emphasis added).)

Mr. Osmanski testified that he was in a state of shock after reviewing Mr. Porter's email but composed himself and emailed Mr. Porter back eleven minutes later. (*Id.* at 1.) In that email, Mr. Osmanski refers to the deadline in the Notice of Commencement and asks if they can rely on it. (*Id.*) His email concludes with "[t]his 523 action is the MAIN reason for even dealing with this bankruptcy in the first place, [s]o blowing the filing deadline is a huge problem." (*Id.*)

At 5:24 p.m. Eastern Time, Mr. Osmanski emailed Mr. Porter asking whether an amended complaint could be filed based on the deadline in the Notice of Commencement. (*Id.*) In response, Mr. Porter stated: "*I don't know if that would work, but we could try it. You're right that the Notice says that, but there's a specific rule that makes it 60 days.* Normally, the specific governs over the general. I've never dealt with this issue." (*Id.* (emphasis added).)

So, they decided to "try it." Mr. Porter revised paragraph 2 to reflect the deadline in the Notice of Commencement and filed the amended complaint stating that, since no confirmation

hearing had been scheduled, the adversary proceeding was timely filed. (*Compare* Doc. No. 1 ¶ 2 *with* Doc. No. 3 ¶ 2.)[10]

At trial, Mr. Porter testified that he perceived two operative deadlines for filing the complaint: the deadline pursuant to Rule 4007(c) and the deadline in the Notice of Commencement, and that relying on the deadline in the Notice of Commencement was always his plan. However, the Court concludes that Mr. Porter did not rely on the deadline in the Notice of Commencement. First, Mr. Porter expressly relied on Rule 4007(c) in calculating the deadline, as shown by paragraph 2 and footnote 1 in the original complaint. The footnote makes it clear that Mr. Porter believed the original complaint was timely by operation of Rule 9006(a)(1)(C). Although Mr. Porter testified that he thought he had the deadline in the Notice of Commencement as a backup deadline, no email corroborates his position, and certain emails demonstrate the opposite.

Second, after receiving Mr. Sykes's email on February 14, 2023, Mr. Porter emailed Mr. Osmanski stating that (1) he looked at the issue "every which way possible," (2) he thought Mr. Sykes was correct, (3) the Plaintiff should dismiss the complaint, (4) he reviewed "the Rule and some case law, and [he] cannot find a way around it," (5) he was "really at a loss," and (6) he understood if the Plaintiff wanted to replace him as bankruptcy counsel. (Doc. No. 76-9 at 2.) These statements evidence that Mr. Porter did not rely on the deadline in the Notice of Commencement, nor did he believe he had a second, potentially operative deadline. If Mr. Porter had truly relied upon the erroneous deadline in the Notice of Commencement, surely there would be some documentary evidence corroborating this belief, but there was not. There was no correspondence from Mr. Porter to Mr. Osmanski evidencing he had been relying on a second deadline all along and

[10] After the discovery of the missed deadline, Mr. Osmanski left a voicemail message for a different bankruptcy attorney in Florida remarking that Mr. Porter missed the deadline. Michael S. Provenzale was retained by the Plaintiff to represent it in this adversary proceeding.

therefore no reason to worry about Mr. Sykes's correspondence questioning the timeliness of the complaint, nor was there any correspondence from Mr. Porter to Mr. Sykes explaining he was relying on the deadline in the Notice of Commencement.

Further, in response to Mr. Osmanski's email attaching the Notice of Commencement and asking why the Plaintiff cannot rely on the deadline in it, Mr. Porter responds, "I don't know if that would work, but we could try it." (*Id.* at 1.) However, reliance cannot be manufactured after the fact. Because there was no reliance upon the erroneous deadline in the Notice of Commencement, the circumstances do not justify using the Court's equitable powers in § 105(a) to accept the untimely complaint as timely filed.

## IV. CONCLUSION

Mr. Porter made a simple, but serious, mistake when he calculated the deadline to file Plaintiff's complaint, and this mistake is unfortunately costly to the Plaintiff. The Court is mindful that its decision deprives the Plaintiff of the opportunity to argue on the merits that its sizeable Judgment against the Defendants should be excepted from discharge. But the evidence compels the conclusion that Mr. Porter did not rely on the erroneous deadline in the Notice of Commencement. Accordingly, the initial and amended complaints were untimely filed.

###

Attorney Jonathan M. Sykes is directed to serve a copy of this Memorandum Opinion on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the Memorandum Opinion.